UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FAT CAT MUSTARD, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FAT CAT GOURMET FOODS, LLC, a Florida limited liability company,<br><br>Defendant. | CASE NO. C12-5663 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Fat Cat Gourmet Food, LLC's ("Gourmet") motion to dismiss (Dkt. 10). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On July 25, 2012, Plaintiff Fat Cat Mustard, LLC ("Mustard") filed a complaint against Gourmet for declaratory judgment of trademark noninfringement, cancellation of federal trademark registration, trademark infringement and unfair competition. Dkt. 1.

Mustard alleges that Gourmet is subject to the personal jurisdiction of this Court because, based "on information and belief," Gourmet has transacted "business in this district" and had "sent multiple letters into this judicial district to [Mustard] alleging trademark infringement." *Id*. ¶ 4.

On September 21, 2012, Gourmet filed a motion to dismiss for lack of personal jurisdiction. Dkt. 10. On October 12, 2012, Mustard responded (Dkt. 13) and filed an amended complaint (Dkt. 12). Gourmet did not reply, but did file a proposed order on October 22, 2012. Dkt. 16.

In the amended complaint, Mustard withdrew the qualifier "on information and belief" and alleges as follows:

> [Gourmet] has done business in this district or a substantial part of the events giving rise to Fat Cat Mustard's claims occurred in or were aimed at this judicial district. [Gourmet] is subject to the personal jurisdiction of this Court as [Gourmet] has done business in Washington, has committed a tort in the state of Washington and alleges that it owns property in the state of Washington. In addition, [Gourmet] sent multiple letters into this judicial district to Fat Cat Mustard alleging trademark infringement.

Dkt. 12 ¶ 4.

## II. FACTUAL BACKGROUND

Mustard alleges that it began using its mark FAT CAT MUSTARD toward the end of 2010. *Id*. ¶ 6. On April 24, 2012, Gourmet obtained a federal trademark for the mark FAT CAT GOURMET FOODS ITS PURR-FECTLY GOOD + DESIGN. *Id*. ¶ 12. The trademark claims June 3, 2011, as the date of first use. *Id*.

On June 14, 2012, Gourmet's attorney sent Mustard a cease and desist letter alleging that Mustard's mark infringed Gourmet's mark. Dkt. 14, Declaration of Carly McLeod, ¶ 12 & Exh. A. On July 6, 2012, Gourmet's attorney sent Mustard another letter threatening litigation in Florida if Mustard did not concede to ceasing and desisting. *Id.*, Exh. B. The party's attorneys discussed the issue and this action followed, apparently preempting Gourmet's filing in Florida.

In support of its motion, Gourmet submitted the declaration of Deborah L. Moskowitz, Gourmet's managing member. Dkt. 10, Exh. A, Declaration of Deborah L. Moskowitz ("Moskowitz Decl."), ¶ 5. With regard to Gourmet's transactions in Washington, Ms. Moskowitz declares as follows:

> We have searched our records and can find only one purchase of one bottle of one of our sauces that was requested by a Florida customer to be shipped to Washington State. This occurred because a member of my family (mother) has a friend who lives half the year in Washington and half the year here in Florida. She bought the sauce because of a conversation with my mother and had it sent to Washington so she didn't have to travel with it.

*Id.* ¶ 8.

### III. DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may bring a motion to dismiss for lack of personal jurisdiction. The plaintiff then bears the burden of proving such jurisdiction. *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986). When the district court rules on the motion based on affidavits and discovery materials without an evidentiary hearing, the plaintiff need only make a *prima facie* showing of personal jurisdiction. *See Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287

1  F.3d 1182, 1187 (9th Cir. 2002). "In determining whether [Plaintiff] [has] met this *prima*

2  *facie* burden, uncontroverted allegations in [his] complaint must be taken as true, and

3  'conflicts between the facts contained in the parties' affidavits must be resolved in [his]

4  favor . . . .'" *Id.* (quoting *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d

5  586, 588 (9th Cir. 1996) (brackets in original)). "Additionally, any evidentiary materials

6  submitted on the motion 'are construed in the light most favorable to the plaintiff and all

7  doubts are resolved in [his] favor.'" *Id.* (quoting *Metro. Life Ins. Co. v. Neaves*, 912 F.2d

8  1062, 1064 n. 1 (9th Cir. 1990) (citation and internal quotation marks omitted; brackets in

9  original)).

10      There are two types of personal jurisdiction: general and specific. *See Brand*, 796

11  F.2d at 1073. To exercise general jurisdiction over a defendant, the Court must find the

12  defendant's "continuous corporate operations within a state [are] so substantial and of

13  such a nature as to justify suit against it on causes of action arising from dealings entirely

14  distinct from those activities." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.

15  Ct. 2846, 2853 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)).

16      In this case, Gourmet argues that the Mustard has failed to make a *prima facie*

17  case of general jurisdiction. Dkt. 10 at 4–6. The Court agrees because the record is

18  devoid of allegations or evidentiary materials showing that Gourmet has conducted

19  substantial operations in Washington. Therefore, the Court finds that it is without general

20  personal jurisdiction over Gourmet.

21      In the absence of general personal jurisdiction, a forum may only exercise specific

22  personal jurisdiction over a defendant. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et*

*L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).  The Ninth Circuit employs a three- part test to determine whether the exercise of specific jurisdiction satisfies the requirements of due process: (1) the defendant must have purposely availed itself of the privilege of conducting activities in the forum; (2) the plaintiff's claim must arise out of that activity; and (3) the exercise of jurisdiction must be reasonable.  *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990).  Under this three-prong test, the plaintiff bears the burden of satisfying the first two prongs.  *Schwarzenegger*, 374 F.3d at 802.  If the plaintiff meets this burden, the defendant then has the burden to present a compelling case why the exercise of jurisdiction would be unreasonable.  *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 78 (1985)).

**A.     Purposeful Availment**

The purposeful availment requirement ensures that a non-resident defendant will not be haled into court based upon random, fortuitous, or attenuated contacts with the forum state.  *See Burger King*, 471 U.S. at 475.  A non-resident defendant purposefully avails itself of the forum if its contacts with the forum are attributable to (1) intentional acts; (2) expressly aimed at the forum; (3) causing harm, the brunt of which is suffered—and which the defendant knows is likely to be suffered—in the forum.  *See Calder v. Jones*, 465 U.S. 783, 788–89 (1984) (establishing an "effects doctrine" for intentional action aimed at the forum); *Core Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1485–86 (9th Cir. 1993).

In this case, Mustard asserts that the Court has specific jurisdiction based on Gourmet's and Gourmet's distributors' websites, the shipment of one jar of sauce to

Washington, and Gourmet's cease and desist letters.  With regard to the websites, it appears to be uncontested that individuals in Washington could access a website and order Gourmet's products.  Mustard, however, has failed to even allege that any individual in Washington has completed such a transaction.  Therefore, Mustard is required to show "something more."  *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155–1159 (9th Cir. 2006).  Mustard offers the letters and the shipment as the "something more."

First, the cease and desist letters are not "something more."  Mustard has failed to show that the letters caused any harm whatsoever.  Moreover, Mustard fails to cite any authority for its proposition that a federally granted property right, such as a trademark, subjects the owner to personal jurisdiction in every forum in which the right may be enforced.

Second, Mustard misconstrues Gourmet's transaction.  Ms. Moskowitz declares that the purchaser was a "Florida customer" who requested that the bottle be shipped to Washington "so she didn't have to travel with it."  Moskowitz Decl., ¶ 8.  This does not show that Gourmet "engaged in commercial activity in Washington" as Mustard contends.  Dkt. 13 at 3.  Therefore, based on the record before the Court, Mustard has failed to show that Gourmet "purposely availed itself of the privilege of conducting activities in" Washington.  *Shute*, 897 F.2d at 381.

**B.   Gourmet's Forum–Related Activities**

The Ninth Circuit has adopted a "but for" test for determining whether a plaintiff's cause of action arises out of the defendant's forum related activities.  *Doe v. America Nat.*

*Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997).  The "arising out of" requirement is met if, but for the contacts between the defendant and the forum state, the cause of action would not have arisen.  *See Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995).

In this case, even if one finds that Mustard met its previous burden, Mustard completely fails to satisfy this prong of the analysis.  With regard to the cease and desist letters, no cause of action is based on the receipt of the letters.  While the letters may have contained information pertaining to the basis for Mustard's causes of action, the act of sending the letters to Washington is not the basis for any of Mustard's asserted claims.

With regard to Gourmet's shipment of one bottle of sauce to Washington, it is a logical conclusion that Mustard was unaware of the shipment until it was provided with Ms. Moskowitz's declaration.  A fair reading of Mustard's causes of action shows that the trademark aspects arise from Gourmet's federally registered mark and Mustard's alleged common law rights.  The act of obtaining a federal trademark did not occur in Washington and the record is devoid of any evidence or allegation that an individual in Washington was confused by either mark.  As for the unfair competition aspects, it appears to be uncontested that the parties do not compete in the same geographic area.  In any event, it is Mustard's burden to persuade the Court that there is a *prima facie* case on this element, and Mustard has failed to do so.  Therefore, the Court finds that Mustard has failed to meet its burden of linking Gourmet's actions to Mustard's alleged harms.

## C.     Reasonableness

Finally, under the third prong of the Ninth Circuit test, Plaintiff must demonstrate that the exercise of jurisdiction is reasonable.

> [T]here is a presumption of reasonableness upon a showing that the defendant purposefully directed his action at forum residents which the defendant bears the burden of overcoming by presenting a compelling case that jurisdiction would be unreasonable.

*Columbia*, 106 F.3d at 289 (quoting *Haisten v. Grass Valley Medical Reimbursement*, 784 F.2d 1392, 1397 (9th Cir. 1986) (citing *Burger King*, 471 U.S. at 477)).

The Ninth Circuit considers the following seven factors in determining whether the exercise of specific jurisdiction over a defendant is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state; (2) the burden on the defendant of litigating in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the dispute; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.  *See Ziegler v. Indian River Country*, 64 F.3d 470, 475 (9th Cir. 1995) (citing *Terracom*, 49 F.3d at 561) (finding that all seven factors must be weighed, but none are dispositive).

In this case, Gourmet has made a compelling case that the exercise of jurisdiction would be unreasonable.  Gourmet's interjection into Washington is *de minimus*, if any purposeful interjection exists at all.  Being a Florida based corporation, Gourmet would suffer a significant burden defending itself in Washington.  The parties concede that there

is no conflict between Washington and Florida. Washington has no interest in adjudicating the propriety of a non-resident company's trademark when there is no evidence that a sale was actually consummated in Washington or that there is a likelihood of confusion by Washington consumer. Neither forum appears to be the most efficient for judicial resolution because it does not appear that the parties compete in either Florida or Washington. *See* Dkt. 13 at 12 ("Mustard has never done business in Florida"). While Washington may be a more convenient forum for Mustard, it has failed to show that Gourmet purposely interjects itself into Washington and causes harm. Finally, alternative forums exist if either party chooses to bring the action where the defending party is subject to personal jurisdiction. Therefore, the Court finds that Gourmet has shown that it would be unreasonable for the Court to assert personal jurisdiction in this matter.

**D.     Jurisdictional Discovery**

"[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery . . . ." *Pebble Beach*, 453 F.3d at 1160 (citing *Terracom*, 49 F.3d at 562 (9th Cir. 1995)).

In this case, Mustard requests that the Court grant limited discovery as to jurisdiction. The Court, however, finds that discovery is not warranted because Mustard's claim of jurisdiction is based on unsupported allegations in the face of Gourmet's specific denial that it ever consummated a single transaction in Washington. Therefore, the Court grants Gourmet's motion and dismisses Mustard's complaint for lack of jurisdiction.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Gourmet's motion to dismiss (Dkt. 10) is **GRANTED**. The Clerk is directed to close this case.

Dated this 2nd day of November, 2012.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 10